Filed May 25, 1886.

———————

No. 12,069.

McCoy *v.* McCoy.

SLANDER.—*Evidence.*—*Pleading.*—*Mitigation of Damages.*—In an action for slander, matters in mitigation of damages may be given in evidence, either under the general denial or a plea of justification.

SAME.—*Answer in Mitigation of Damages.*—*Burden of Proof.*—*Right to Open and Close.*—In an action for slander, where the sole plea is an answer in mitigation of damages, which admits the speaking of the words charged, the burden of the issue is upon the defendant, and he is entitled to open and close.

From the Clark Circuit Court.

*C. L. Jewett, P. H. Jewett* and *M. Clegg,* for appellant.
*J. K. Marsh,* for appellee.

NIBLACK, J.—Action for slander by Mary A. McCoy

against Mary McCoy. The complaint was in eight paragraphs, each counting upon words imputing to the plaintiff the crime of larceny.

The defendant answered, in mitigation of the damages, a series of facts and circumstances by which she was surrounded at the time of speaking the words charged in the complaint, and which, she alleged, induced her to believe that the words as spoken were true; also, averring that the words were spoken for the sole purpose of aiding in obtaining restitution of a sum of money which she had theretofore lost under circumstances indicating that it had been stolen. And this was the only answer filed in the cause.

The plaintiff replied in denial, and after a jury was empanelled, the defendant, insisting that she had the burden of the issue, claimed that she had the right to open and close both in the introduction of the evidence and in the argument before the jury, but the court denied her claim in these respects, and, instead, accorded to the plaintiff the privilege of opening and closing in both instances. The trial thus proceeding, the plaintiff obtained a verdict and judgment for $150 in damages.

In actions for slander " the defendant may allege the truth of the matter charged as defamatory and mitigating circumstances to reduce the damages, and give either or both in evidence." R. S. 1881, section 373.

In such actions matters in mitigation of the damages may be given in evidence under the general denial, as also under an answer in justification. Hence an answer in mitigation merely is unnecessary when either the general denial or justification has been pleaded. But an answer in mitigation may nevertheless be filed, and evidence may be introduced in support of it under circumstances, in many respects, analogous to an answer in justification. *Swinney* v. *Nave*, 22 Ind. 178; *O'Conner* v. *O'Conner*, 27 Ind. 69.

Where an answer in justification only has been pleaded, in an action for slander or libel, the defendant has the burden

of proof, and is entitled to open and close at the trial. _Heilman_ v. _Shanklin_, 60 Ind. 424.

It is, indeed, a well settled rule of practice in this State, that where the defendant confesses and avoids only in his defence, he is entitled to open and close, the burden of the issue being upon him. R. S. 1881, section 533; _Hyatt_ v. _Clements_, 65 Ind. 12; _Barclay_ v. _Miers_, 70 Ind. 346; _McCormick H. M. Co._ v. _Gray_, 100 Ind. 285.

It is upon the principle that the answer in justification in a slander case is a confession and avoidance, that the defendant is accorded the right of opening and closing. An answer in mitigation merely is as much a confession of the matters charged in the complaint as is an answer in justification, the distinguishing difference being that the answer in mitigation sets up matters only in partial avoidance of the plaintiff's right of recovery. It follows that both of these defences are affirmative in their character, and imply an assumption of the burden of the proof to be adduced. Our conclusion necessarily is that the circuit court erred in refusing to permit the defendant to open and close, both in the introduction of the evidence and in the argument before the jury.

As to the test to be applied in determining who has the burden of the issue, see the case of _Judah_ v. _Trustees, etc.,_ 23 Ind. 272. The conclusion thus reached is in no manner inconsistent with the case of _Shulse_ v. _McWilliams_, 104 Ind. 512; since in that case there was not a full confession of the speaking of the defamatory words charged in the complaint, and the answer was, in consequence, held to be, in legal effect, an argumentative denial of the matters so charged, and hence not, in the proper sense, an answer only in mitigation of the damages.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Filed May 24, 1886.