Smith v. Rodecap.

Filed Sept. 13, 1892.

———◆———

No. 559.

SMITH v. RODECAP.

PLEADING.—Demurrer.—Improper in Form, but Sustained to Insufficient Pleading.—The sustaining of an improper demurrer to an improper answer is not available error.

SLANDER.—Pleading, Matters in Mitigation.—Matters in mitigation may be given in evidence under the general denial.

SAME.—Words Imputing Crime.—Presumption of Malice Not Conclusive.—Where

Smith v. Rodecap.

the slanderous words, alleged in the complaint to have been spoken, charge or impute a crime, it is error to instruct the jury that "the law conclusively presumes, from the falsity of the words, that they were spoken maliciously."

SAME.—*Malice in Law and Malice in Fact Defined.*—Malice in law is the malice which is inferred from the doing a wrongful act without lawful justification or excuse; while malice in fact differs from the former in that it must be *proved* expressly, while malice in law is *inferred* from the publication of the false language.

SAME.—*Malice in Law, Rebutting Presumption of.*—The presumption of malice in law may be rebutted by evidence.

SAME.—*Justification, How Pleaded.*—*Evidence to Rebut Malice.*—A defense setting up a legal excuse for the publication of slanderous words must be specially pleaded, though evidence tending to rebut malice may be given under the general issue in mitigation of damages.

INSTRUCTIONS TO JURY.—*Inconsistency, Confusion as to the Law.*—If instructions are inconsistent and tend to confusion as to the law, the case will be reversed.

From Henry Circuit Court.

*M. E. Forkner*, for appellant.

*J. Brown* and *W. A. Brown*, for appellee.

REINHARD, C. J.—This was an action for slander, in which the appellant was the defendant, and the appellee the plaintiff in the court below. There was a recovery for the appellee. The first alleged error consists of the sustaining of a demurrer to the second paragraph of the appellant's answer. It is insisted that the demurrer was fatally defective in form. Granting, without deciding, that it was so, it yet does not follow that any error was committed. The matter pleaded in the paragraph was in mitigation and not in bar. It could, therefore, have been given under the general denial. *Swinney* v. *Nave*, 22 Ind. 178; *Skillen* v. *Phillips*, 23 Ind. 229; *McCoy* v. *McCoy*, 106 Ind. 492. The plea did not amount to a justification. The error was, therefore, a harmless one. The form of the demurrer need not be considered. It would have been the same had there been no demurrer and the court had rejected the paragraph of its own motion. An appellate court will reverse only for

errors prejudicial to the rights of the appellant. Elliott App. Proc., sections 292, 633.

The next specification of error we will consider is the overruling of the motion for a new trial. The questions arising are presented as reserved questions of law under the statute. Section 630, R. S. 1881.

The court instructed the jury that if the words were spoken substantially as charged, imputing the crime of larceny, then " the law conclusively presumes, from the falsity of the words, if they were false, that they were spoken maliciously."

It is earnestly insisted by appellant's counsel that this instruction was wrong, and in this view we are constrained to concur.

The word " conclusively " carries with it the idea of finality and implies necessarily that the presumption is of such a character that no evidence may be considered to rebut it. See Anderson Dic. of Law tit. " Conclusive." Does the law so far presume malice as to exclude all consideration of rebutting evidence?

In cases of libel and slander the books recognize some distinction between " malice in law " and " malice in fact." The former is defined as " the malice which is inferred from the doing a wrongful act without lawful justification or excuse." Starkie Slander and Libel, 213. " Malice in fact " is distinguished from " malice in law " in that the latter is required to be *proved* expressly, while the former is *inferred* from the act, or, in cases of slander, from the publication of the false language. The terms are used synonymously with " implied malice " and " express malice." But malice, though it may be inferred from the publication, and though called " malice in law," is still a question of fact, admitting of proof, for " what is, or is supposed to be rightly inferred, is proved." 4 Townshend Slander and Libel, p. 68.

Malice, in the law of slander, has been defined as the

Smith *v.* Rodecap.

"absence of legal excuse." *Branstetter* v. *Dorrough*, 81 Ind. 527.

While it is true that malice may be presumed, or perhaps more accurately speaking, inferred, from the speaking of the false words, if they are actionable, this presumption or inference is only a *prima facie* one, and may always be rebutted by proper evidence. Thus it may be shown, for example, that though the words were both false and actionable, yet they were privileged, and therefore justifiable, and this rebuts all inference of malice and casts upon the plaintiff the duty of proving express malice. 4 Townshend Slander and Libel, p. 299 ; *Cook* v. *Howe*, 77 Ind. 442.

While it must be admitted that defences setting up a legal excuse for the publication must be specially pleaded, much evidence tending to rebut malice may be given under the general issue, in mitigation of damages. That such evidence was given in the present case appears from the statement of facts to which the court has certified. To say to the jury, under such circumstances, that the evidence of malice is conclusive—for such is the tenor and effect of the charge—is, to say the least, misleading. Had the jury been told that they had a right to infer malice from the falsity of the words, or even that the law, in the absence of exculpatory evidence, presumes malice, the instruction could not have been successfully assailed. But here they are charged, in effect, that no evidence of the want of malice can be considered by them, as the law conclusively presumes the malicious speaking from the falsity of the words. This is not the law. Nor can the subsequent instruction that " the law implies that the words so spoken were false and that they were spoken maliciously, unless there is evidence sufficient to satisfy the jury to the contrary," cure the error. The charges are inconsistent and tend to confusion as to the law, and where such is the case, there must be a reversal. Thornton Juries, section 194. We do not assert that the plaintiff

in such an action is required to prove anything more than the speaking of the false words, if they are actionable, for we fully concede that where this is done malice will be inferred, *prima facie*, from the act of speaking. What we do assert and declare is, that such inference is not absolutely conclusive, but may be rebutted in whole or in part by facts tending to prove absence of malice, and that this may be done by evidence in mitigation as well as in bar. In this view of the law the instruction was erroneous, and this requires a reversal of the judgment. Other questions presented may not arise again and we do not, therefore, pass upon them.

Judgment reversed.

Filed May 25, 1892.