J. W. BINGHAM v. FRANK W. HARTLEY.

FILED APRIL 5, 1895. NO. 5255.

Instructions: BURDEN OF PROOF: HARMLESS ERROR: REVIEW. An instruction is not of necessity prejudicially erroneous because its meaning is obscure; and although therein the burden of proof is unintelligibly defined, a cause will not therefore be

reversed when the record shows that another instruction was given which, with clearness, placed such burden upon the defendant in error.

Error from the district court of Colfax county.    Tried below before Sullivan, J.

*Phelps & Sabin,* for plaintiff in error.

*Grimison & Thomas, contra.*

Ryan, C.

This action, brought by the defendant in error for the recovery of the amount of a board bill, was originally tried before a justice of the peace of Colfax county.    Afterwards, an appeal having been taken to the district court of said county, there was rendered a judgment in favor of the defendant in error for the sum of $84 on a verdict for the same amount.    In the petition in error there are assigned with such distinctness as to entitle to consideration but two errors argued in the brief of plaintiff in error.    The first of these is that the verdict is not sustained by sufficient evidence.    A careful perusal of the bill of exceptions shows that this assignment is not well founded.    The other assignment is directed against the ninth instruction given in the following language: "The burden of proof does not depend altogether, nor to any definite extent, upon the number of witnesses testifying for the respective parties, but rather upon the persuasiveness of the evidence furnished by such witnesses." It is highly probable that when the district judge wrote this instruction he had in mind a definite proposition which he intended to state with clearness.    In this however, he failed.    The jury from this instruction could have obtained no light as to the burden of proof.    If the court intended in this instruction to state that the weight of the testimony on each side was dependent upon the conditions enumerated, the idea was quite correct.    Probably the

jury so understood the instruction, in which event no harm was done. Whether this is true or not it is scarcely possible that the jury could have acted under a mistaken understanding of the burden of proof, for, immediately following the above, there was a clear instruction that the burden of proving the reasonable value of the board and lodging was upon the plaintiff, and that there should, if the jury found for the plaintiff, be an allowance of such sum as by a preponderance of the evidence the board and lodging had been shown to be worth. Under these conditions we cannot believe that plaintiff in error was prejudiced by the giving of the instructions complained of, and the judgment of the district court is

Affirmed.