T. J. SHEIBLEY V. DIXON COUNTY.

FILED MARCH 6, 1901.   No. 11,099.

1. County Board: COURT. County boards are not courts in a constitutional sense.

2. Court of Original Jurisdiction: APPELLATE COURT: SAME ISSUE: RULE: COUNTY BOARD: DISTRICT COURT. The rule requiring issues in the appellate court to be the same as in the court of original jurisdiction, does not apply to appeals as to the district court from the decision of the county board in the allowance and rejection of claims.

3. Liquidated Demand: PART PAYMENT: ACCORD AND SATISFACTION. The payment of a lesser sum than is due on a liquidated and undisputed demand, does not constitute an accord and satisfaction.

4. County Clerk: SALARY: FEES IN EXCESS: ADJUSTMENT WITH COUNTY: BAR TO ACTION. Where through mistake a county clerk is allowed to retain fees in excess of his salary, the adjustment of the account between him and the county is not a bar to an action by it to recover the excess.

5. Counter-Claim: DEFINITION. A counter-claim within the meaning of section 101 of the Code of Civil Procedure must be one arising out of the contract or transaction set forth in the petition, or be connected with the subject of the action.

6. Phrase: CONSTRUCTION. The phrase "connected with the subject of the action" should be construed liberally, to prevent a multiplicity of actions.

7. ———: SUIT BY CLERK AGAINST COUNTY. Where a county clerk seeks to recover from the county compensation for making and correcting the assessor's books, the county may, by way of counter-claim, set up fees collected by plaintiff, by virtue of his office, which he failed to report and account for.

8. Error: ADMISSION OF EVIDENCE. Error can not be predicated upon the admission of evidence in a cause tried without the intervention of the jury.

9. ———: SPECIAL FINDINGS. Error can not be predicated on the failure of the court to make special findings of fact where none were asked.

10. County Clerk: FEES. A county clerk must account for all fees earned by him whether collected or not.

ERROR from the district court for Dixon county. Tried below before EVANS, J. *Affirmed.*

*Alfred E. Barnes* and *William E. Gantt,* for plaintiff in error:

Do the pleadings of the defendant, when taken into consideration with those of the plaintiff in the lower court, state a cause of action? The pleadings must be construed together. To admit evidence there must be a statement of ultimate facts conforming to the evidence. *Hale v. Walker,* 31 Ia., 344; *Ockendon v. Barnes,* 43 Ia., 615; *Williams v. First Presbyterian Society,* 1 Ohio St., 478; *Clark v. Dayton,* 6 Nebr., 192.

The presumption is that the matter of abstracts was included in the settlement, and can not again be brought up. *Smith v. Yager,* 85 Ia., 706.

*McCarthy & Pearson, contra:*

It was the duty of the plaintiff in error to report to the board all fees of his office, including fees for making abstracts and taking acknowledgments. *State v. Kelly,* 30 Nebr.,574. If, through fraud or mistake, the plaintiff was allowed to retain fees which he should not have retained, such adjustment is no defense or bar to an action by the court to recover such fees. *Hazelet v. Holt County,* 51 Nebr., 716. The rule in the *Ragoss Case,* 36 Nebr., 375, was that "where the county board has before it a matter which it may reject or allow, and its action thereon will be final unless appealed from, its order in the premises can not be attacked collaterally." This rule does not apply in the case at bar.

*John M. Hench,* also for defendant.

NORVAL, C. J.

This is a proceeding to review a judgment of the district court for Dixon county. The plaintiff below, T. J. Sheibley, had from 1890 to 1896 been county clerk of that county. He filed before the county board a claim for making and correcting the assessors' books for the years 1890, 1891, 1892 and 1893, asserting there was due him for such services, in addition to the salary allowed him by statute, the sum of $400. This claim was by the board rejected, and he appealed to the district court. In answer to his petition the defendant county, among other things, filed a counter-claim, alleging that plaintiff, while county clerk aforesaid, made and certified a large number of abstracts, and also took acknowledgments to a large number of deeds and mortgages, and performed other miscellaneous services, and received therefor an amount of money aggregating $1,601.50, for all of which he failed to account to the county, although he had retained from other sources sums sufficient to pay his salary and also those of such deputies and employees as he was entitled to, and that there was, therefore, due from him to the county the sum aforesaid, $1,601.50, for which it prayed judgment. To this counter-claim plaintiff answered, denying the same, and alleging further that before this action was brought, and after the matters and things alleged in said counter-claim had occurred, plaintiff paid to the county the sum of $355.10, which was received in full satisfaction and discharge of the demand alleged in said counter-claim; also that during all his terms of office the fees thereof in excess of the amount allowed by law for salary and for deputy and extra clerk hire amounted to $1,715.44, which sum he paid to the county treasurer as required by law, taking his receipt therefor, and made a full settlement with the board, and in consideration of such payment said board released and discharged plaintiff from the claim set out in said counter-claim; that said county employed an expert and ap-

pointed a committee and went through all the books and records of his office and made a full and complete report of all fees received, which committee and expert made their report and included in it all the fees received, or that should have been received by him as such clerk, including abstracts and acknowledgments, and, after hearing said report, the board found there was due the county a balance of $355.10, which plaintiff paid and was fully released and discharged; and denied that he had failed to account for any abstracts made or acknowledgments taken by him. To this the county replied, among other things, admitting that a committee was appointed to investigate the records of plaintiff's office and that they made a report, but denying all other allegations made by plaintiff relative thereto; and alleged that said committee did not report the amount of fees earned by plaintiff in making and certifying abstracts, or the taking of acknowledgments, but reported that he kept no account of the money received therefor, and that it had no way of determining the amount of such receipts, but that plaintiff had represented to it that he had probably made fifty abstracts which would amount to about $125, but defendant alleged that said representation was false and untrue, as plaintiff then well knew; that plaintiff presented no account or claim for the fees received from the sources mentioned in the counter-claim, nor were such fees allowed him by the county board, but that said board was never fully informed of the amount of such fees and that such amount was fraudulently concealed from the board by him; and any settlement with him was purely ministerial in character and only such as is required by law to be made annually, and was made upon his false and fraudulent reports of fees earned. Afterwards, plaintiff dismissed his appeal, and the court, refusing to dismiss the counter-claim, proceeded to try the case without a jury, and rendered judgment against plaintiff in the sum of $411.76 on the counter-claim, from which judgment plaintiff prosecutes error.

One of the contentions here is that the county could not present a counter-claim in the case, for the reason it did not do so on the hearing before the county board on the consideration of plaintiff's demand for compensation for correcting the assessors' books. Whether the matters set out in the counter-claim were considered or not before the board the record is silent. For the purposes of this case we will assume that no consideration was given to the facts set out in the counter-claim until the matter reached the district court. It is asserted the county is barred from setting these matters out as a counter-claim; in other words, that the same rule should obtain as to claims pending before the county board as applies to matters in litigation in a lower court, from which an appeal is taken to a higher. In the latter the rule doubtless is that the issue must be the same in both courts. This rule does not apply to claims filed before county boards. While the proceedings had before such boards on claims of that character are doubtless judicial in their nature, that fact does not constitute such board a court, within the meaning of the constitution, as will fully appear from a perusal of the case of *Stenberg v. State*, 48 Nebr., 299.

It is claimed that defendant is barred from setting up the items relative to the abstracts made and certified and acknowledgments taken by plaintiff, as a counter-claim by reason of the alleged settlement had with the board, wherein, after the report of the expert was had and after plaintiff had been examined, the board accepted the sum of $355, in full payment of all demands against plaintiff. We do not think so. Settlement was had under section 43, chapter 18, article 1, Compiled Statutes, and in making the adjustment the board performed ministerial functions only. *Heald v. Polk County*, 46 Nebr., 28; *Hazelet v. Holt County*, 51 Nebr., 716. There is no allegation in the answer to the counter-claim that the sum so received by the county board was accepted by it in compromise of a disputed claim. It is merely alleged that the board

"found" that sum due the county and that plaintiff paid it into the treasury. Now, if for any reason a mistake had been made by the board in the amount actually due the county, there is nothing in the way, so far as this answer is concerned, of the county recovering from plaintiff on such counter-claim the remainder that might be due the county after such payment of $355. So there is nothing in the answer that could amount to a plea of accord and satisfaction. *Beckman v. Birchard*, 48 Nebr., 805.

It is, however, contended that as this settlement was not appealed from by the county, it amounted to an adjudication of the matter and can not be questioned in a collateral proceeding. This action on the part of the board was not in any sense an adjudication, and if through mistake the county clerk was allowed to retain fees which properly belonged to the county, such adjustment is no bar to an action by it to recover such fees. *Hazelet v. Holt County, supra; Bush v. Johnson County*, 48 Nebr., 1. The action of the county board having been had under the section mentioned, it is not of a judicial nature, but ministerial only. The case of. *Ragoss v. Cuming County*, 36 Nebr., 375, relied upon by counsel for plaintiff, is not in point, because, in the case at bar, under the pleadings and the evidence it is clear that a mistake occurred, the items in controversy having been omitted from the statement furnished the board by plaintiff on settlement, and it can not be said that by so doing he had "faithfully performed the duties of his office and made a full settlement" with the county board. *Bush v. Johnson County, supra*. It was unnecessary for the county to plead that at said settlement plaintiff fraudulently represented the fees collected by him to have been less than the amount he actually received. The allegations fall far short of tendering an issue of fraud. This issue was not necessary, there being sufficient allegations to admit evidence that a mistake had been made in said settlement, and that the amount paid by plaintiff was less

than was due defendant, which allegation was sufficient on which to base an action to recover the remainder that had not been accounted for. *Hazelet v. Holt County* and *Bush v. Johnson County, supra.*

It is further contended that the matters of counter-claim are not such as are contemplated by section 101, Code of Civil Procedure. An examination of the issues will show that plaintiff claims there was due him, by virtue of certain services performed by him as an officer, a specified sum of money. The "transaction set forth in the petition" was necessarily the mere act of having corrected and prepared these assessors' books; but in a wider sense, the claim arose by virtue of his official relation to the county. Now the counter-claim set out by the county arose by virtue of the same relations between plaintiff and defendant, and we are therefore of the opinion that it was connected with the subject of the action within the meaning of said section of the Code, even if not connected with the transaction declared on by the plaintiff. 22 Am. & Eng. Ency. Law, 397. The phrase "connected with the subject of the action" should be liberally construed to prevent a multiplicity of actions. Some forty assignments are predicated on rulings on the admission of evidence on behalf of defendant. Counsel concedes that we are committed to the rule that where a case is tried without the intervention of a jury, this court in a proceeding of this nature will not consider such alleged errors if on examination of the record sufficient competent evidence is disclosed to support the judgment, but contend that the rule, while good in theory, is abominable in practice. We think it a most salutary rule and it is adhered to. *Dewey v. Allgire,* 37 Nebr., 6; *Lihs v. Lihs,* 44 Nebr., 143; *Monroe v. Reid,* 46 Nebr., 316. In this case, an inspection of the record discloses ample competent evidence on which to base the judgment rendered, and it will, therefore, not be disturbed by reason of the admission of incompetent evidence, if any such was received—a question not necessary to decide.

Two errors, assigned as numbers 42 and 43 in the petition in error, are urged, predicated on the court refusing to admit certain evidence relative to the settlement between the plaintiff and the county of the matters constituting defendant's claim. This evidence was doubtless offered to support the allegation of his answer to the counter-claim, to the effect that, after the committee mentioned in said answer had made its report, which purported to be a full and complete report of all fees received, inclusive of sums received for abstracts and acknowledgments, said board found a certain sum due the county, which plaintiff paid in full satisfaction of such claim, and was thereupon released and discharged. We are of opinion that this allegation falls far short of a plea of accord and satisfaction. It is not shown that the sum paid was in compromise of a disputed demand. On the contrary, it is insisted that it was a payment of all that was actually due the county. The tender was merely an offer to prove that the sum received by the county at the time of the settlement alleged in the answer was accepted and understood to be in full for all excesses, fees and liabilities for abstracts and other fees of every kind and nature due from him to the county. Even if this were true and it afterwards developed that the amount received was not in fact equal to the amount which he had received and not accounted for, such settlement would not, under the pleadings, bar the county from proceeding to collect the remainder from him. Hence, if there was error in excluding this evidence, it was without prejudice to him. But, as a matter of fact, he had, prior to this offer, introduced in evidence the records of the county covering this settlement, which record was kept by himself, and it is to be presumed that he included therein all matters relating to such settlement. But whether he did or did not, the evidence offered in nowise tended to establish an accord and satisfaction, or a bar to the counter-claim of the defendant, and it was, therefore, not error to refuse to admit it.

Plaintiff also urges that there is no evidence to sustain the judgment, the amount thereof being larger than is justified by the proofs. But an examination of the record convinces us that a judgment for a larger sum could have been sustained, and no error would have been committed in that respect. The counter-claim of defendant was set out in six separate, so called, counter-claims, one for each yearly settlement of plaintiff, but the finding of the court in favor of the defendant was merely for a lump sum, instead of a finding of the amount due by virtue of each separate cause of counter-claim or action, and this is alleged as error. It was not necessary to set out each year's transaction as a separate cause of action, there being in fact but one cause of action, made up of as many items as were represented by the abstracts made and certified, and acknowledgments taken, and it was not error on the part of the court to treat all of the so-called counter-claims as in fact but one cause of action, particularly when the court was not asked to find on each so called counter-claim.

Another matter urged is that, although acknowledgments were taken by plaintiff, he did not in fact charge any fee for taking the same, and, therefore, should not be called upon to account for the same, never having received any money to account for. This is hardly a tenable position. The law cast upon him the duty of collecting this fee, and if he did not do so, the fault was with him, and he should be compelled to account for the same. *State v. Hazelet*, 41 Nebr., 257.

A careful examination of the record discloses no error on the trial, and the judgment of the lower court is therefore

AFFIRMED.