## SHORT v. ACTON.

[No. 4,661.   Filed June 22, 1904.]

SLANDER.— *Words Spoken.*—The words: "You damned old ——! You broke in Patterson's house and stole the coal"—charge a crime, and are slanderous *per se.  p. 362.*

SAME.— *Words Spoken.—Inducement.—Complaint.*—A complaint for slander in one paragraph alleged: "Aaron Acton (plaintiff meaning) tore off the roof of J. S. Patterson's coal shed and took out some coal.   You can call that stealing, or what you please."   In another paragraph the language charged was: "Acton (plaintiff meaning) broke Patterson's coal shed open and took his coal.   You can call it what you please." And in another paragraph: "Acton (plaintiff meaning) broke Patterson's coal shed open and took coal.   You can call it what you please. That is what he done."   And in another paragraph charged: "Me and my wife (meaning defendant and his wife) saw Acton and Owen (meaning the plaintiff and one Charles Owen) go to Patterson's coal house and pry the coal house roof off and take the coal.   You can call it what you please.   That is what he done."   Each paragraph contained the averment, following the language charged, "Thereby charging and intending to charge the plaintiff with the crime of larceny or stealing the coal, and it was so understood by the parties, respectively, to whom such statements were made."   *Held,* that though ᵗthe words charged do not amount to a direct charge that plaintiff had committed larceny, they were susceptible of being so understood, and, taken in connection with the inducement alleged, they are actionable.   *pp. 363, 364.*

SAME.—*Intent.—Evidence.—Punitive Damages.*—The defendant in a slander suit can not defeat the action, or escape the consequences of the slanderous utterances, by proof that he did not intend to make the charge which he did in fact make; but where it is sought in such action to recover punitive damages, and to establish malice in fact, the intent of the defendant becomes an issue, and evidence relative thereto is admissible.   *pp. 364–366.*

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Aaron Acton against George Short.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*O. E. Gulley* and *W. A. Ketcham,* for appellant.

*E. G. Hogate, J. L. Clark, G. W. Brill* and *G. C. Harvey,* for appellee.

ROBY, P. J.—Action to recover damages for slander. Verdict and judgment for $600. The errors assigned are that the court erred in overruling appellant's separate demurrers to the first, second, third, fourth, and fifth paragraphs of the complaint, and in overruling its motion for a new trial.

The first paragraph was in substance as follows: "The plaintiff * * * complains of the defendant * * * and says that on the 4th day of July, 1899, the defendant, in a certain discourse had and held in Hendricks county, Indiana, with the plaintiff, in the presence of * * * falsely and maliciously spoke and published to, of, and concerning the plaintiff the following false, malicious, and slanderous words, to wit: 'You damned old ———! You broke in Patterson's house and stole the coal.' Whereby," etc. "Wherefore," etc.

"Taking words in their natural, genuine and usual sense, and common understanding, and not according to the witty constructions of lawyers, but according to the apprehension of bystanders" *(Naben* v. *Miecock,* Skin. 183; *Somers* v. *House,* Holt 39), the language set out charged a crime, and was therefore slanderous, *per se. Wilson* v. *McCrory,* 86 Ind. 170, 171; *Seller* v. *Jenkins,* 97 Ind. 430, 431; *Over* v. *Schiffling,* 102 Ind. 191, 192; *Buscher* v. *Scully,* 107 Ind. 246, 247; *Graeter* v. *Hogan,* 2 Ind. App. 193-195.

The natural and obvious import of the word "steal" is that of larceny. If it were qualified by the context so as to show the article said to have been taken not to be the subject of larceny, as apples from a tree, grass from the field, or coal from a mine, it might, in the absence of a statute declaring such act to be criminal (§2017 Burns 1901), be held to impute a trespass only; but to charge one with stealing coal from a house raises no such implication; *Dunnel* v. *Fiske,* 11 Met. (Mass.) 554. There was

therefore no error in overruling the demurrer to the first paragraph of the complaint.

The second, third, fourth, and fifth paragraphs of complaint contain alleged actionable language, respectively, as follows: The second: "Aaron Acton (plaintiff meaning) tore off the roof of J. S. Patterson's coal shed and took out some coal. You (Mr. and Mrs. Nathan Kendall meaning) can call that stealing or what you please." In the third: "Acton (the plaintiff meaning) broke Patterson's coal shed open and took his coal. You (William Winstead meaning) can call it what you please." In the fourth: "Acton (plaintiff meaning) broke Patterson's coal shed open and took coal. You (J. Frank Lane meaning) can call it what you please. That is what he (plaintiff meaning) done." And in the fifth paragraph: "Me and my wife (meaning the defendant and his wife) saw Acton and Owen (meaning the plaintiff Aaron Acton and one Charles Owen) go to Patterson's coal house and pry the coal house roof off and take the coal. You (J. Frank Lane meaning) can call it what you please. That is what he (meaning Aaron Acton) done." In each of these paragraphs of the complaint, following· the language quoted, the further averment is, "thereby charging and intending to charge the plaintiff with the crime of larceny or stealing the coal, and it was so understood by the parties respectively to whom such statements were made."

It is the office of the inducement to state extrinsic circumstances affecting the construction of the language used, rendering it actionable, when standing alone, without explanation, it would not appear to affect the plaintiff injuriously. The inducement, being in its nature introductory, usually precedes the language complained of, but may follow it. Neither set of words in the paragraph of complaint under consideration amounts to a direct charge that the plaintiff had committed a larceny, but they do

carry an insinuation to that effect, and are susceptible of being understood in that sense, and may have been understood so to charge. That they were so intended and understood is alleged in the complaint, and the words were therefore actionable. *Drummond* v. *Leslie*, 5 Blackf. 453-455; *Smawley* v. *Stark*, 9 Ind. 386-389; *Branstretter* v. *Dorrough*, 81 Ind. 527, 528; *Huddleson* v. *Swope*, 71 Ind. 430; *Hinesley* v. *Sheets*, 18 Ind. App. 612, 63 Am. St. 356. The word "take" is actionable or not according to the sense in which it is understood. *Alcorn* v. *Bass*, 17 Ind. App. 500. The language set out in each of the paragraphs was, therefore, in connection with the extrinsic facts alleged, actionable.

One ground for a new trial, set up in the motion, was based upon the sustaining of an objection to the following question propounded to the appellant when testifying as a witness in the case: "Mr. Short, I will ask you to state to the jury whether or not, in the use of the language that you made use of in that meeting with Mr. Lane, you intended to charge, and be understood as charging, the plaintiff with the crime of larceny of Patterson's coal." Similar questions were asked as to the occasions referred to in different paragraphs of the complaint, and objections sustained thereto. The defendant in a slander suit can not defeat the action, or escape the consequences of the slanderous utterances, by proof that he did not intend to make the charge which he did in fact make. "If a person speaks slanderous words of another he intends the necessary consequences conveyed by the natural import of the words spoken." Odgers, Libel and Slander, 264, notes 5 and 6; *Branstretter* v. *Dorrough*, *supra*. If the words spoken import an action of crime, and were so understood by the persons to whom they were spoken, their injurious quality is not lessened by the concealed intent of the speaker. The law implies malice from the wrongful speaking of the words. *Smith* v. *Rodecap*,

5 Ind. App. 78-80.   An instruction to this effect was given at appellee's request.

By the third instruction so given the jury were told that it was proper, in considering the question of malice, to consider the tone of the defendant's voice when speaking the words complained of, his manner, the time and circumstances under which the words were spoken, the occasion when and the person to whom they were spoken, together with all other relative facts shown, and from them all to determine whether the words were spoken with express malice. The tenth instruction so given concluded as follows: "And if you should find that the defendant, at the time of speaking said words, had express malice towards the plaintiff, then I instruct you that, in addition to the compensatory damages herein mentioned, you may add thereto and assess against the defendant punitive or exemplary damages." So far as compensatory damages were concerned, the intention of the defendant was not material, and there was no error in sustaining the objection to the question asked; but when it was sought to recover punitive damages—damages by way of punishment—and to establish malice in fact as distinguished from malice in law, a different question arose. *Smith* v. *Rodecap, supra; Binford* v. *Young,* 115 Ind. 174-178.

In order to justify the return of a verdict for any sum beyond fair compensation, as a punishment to the defendant, the jury must find him to have been actuated by actual malice, or its equivalent. *Depew* v. *Robinson,* 95 Ind. 109-113; *Barker* v. *Prizer,* 150 Ind. 4. The intent of the defendant then becomes the issue, and circumstances relative to the issue are admissible in evidence. The rules of evidence in a suit for slander in which punitive damages are sought, and for malicious prosecution in which they are asked, are, as to the intent of the defendant, therein involved, exactly the same. In a case of the latter class the Supreme Court said: "It is the settled law in this

State, that where the character of the transaction depends upon the intent of the party, it is competent, when the party is a witness, to inquire of him what his intention was." *Heap* v. *Parrish,* 104 Ind. 36-40, and cases cited. The proposition stated is uniformly applied to cases coming within its reason. *Stratton* v. *Lockhart,* 1 Ind. App. 380; *Wilson* v. *Clark,* 1 Ind. App. 182; *Pittsburgh, etc., R. Co.,* v. *Noftsger,* 148 Ind. 101; *Padgett* v. *State,* 103 Ind. 550; *Sedgwick* v. *Tucker,* 90 Ind. 271; *Bidinger* v. *Bishop,* 76 Ind. 244; *Shockney* v. *Mills,* 71 Ind. 288, 36 Am. Rep. 196; *White* v. *State,* 53 Ind. 595; *Greer* v. *State,* 53 Ind. 420.

The statement frequently made in cases that the intention of the defendant may be shown in mitigation or aggravation of damages, but not in bar of the action, is not therefore inconsistent or contradictory. *Branstretter* v. *Dorrough, supra; Mosier* v. *Stoll,* 119 Ind. 244-251. Of course the testimony of appellant as to his intention is not conclusive upon the subject. It is relevant, and its weight, like that of other testimony, is for the jury.

The parties were members of, and officers in, the same church, and residents of the same community. The verdict ($600) is not so small that it can be said that no element except compensation entered into its assessment. For error in excluding the offered evidence, the judgment will be reversed.

Other questions argued will not likely arise on a new trial, and are not, therefore, reviewed in this opinion.

Judgment reversed and cause remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent herewith.