## Goon Bow et al.

*v.*

## The People of the State of Illinois.

*Filed at Ottawa March 28, 1896.*

1. APPEALS AND ERRORS—*ruling made at defendants' own instance.* Defendants in a criminal trial cannot complain that witnesses were sworn according to a Chinese practice, in addition to taking the regular oath, where the proceeding was had at their instance and request.

2. SAME—*when exclusion of proper evidence will not reverse.* The exclusion of questions asked on cross-examination is not cause for reversal, where the complaining party had all the benefit that could be derived from such examination by other testimony.

3. SAME—*admission of police record to show date of arrest not reversible error.* The admission, on a trial for robbery, of the book kept at the police station, for the purpose of showing the time of the arrest, is not prejudicial error, even if it is not strictly competent, especially where the time of the arrest is not in controversy.

4. SAME—*when witness' denial of impeaching questions removes the error.* Questions asked a witness, on a trial for robbery, as to a club with which the defendants were connected, and whether there were any gambling apparatus and appliances for opium smoking in the rooms, are not prejudicial error, where the witness denies any such thing or that the objects of the club embrace them.

5. EVIDENCE—*when exclamation of prosecuting witness is part of res gestæ.* Exclamations of the prosecuting witness, on a trial for robbery, made at the time the defendants were running away, that he was robbed, in connection with a question as to which way they went, are admissible as part of the *res gestæ.*

6. SAME—*proving that one accused of robbery had a pistol.* Testimony that one accused of robbery had a pistol in his possession, and chased the witness soon after the robbery and just after the witness had been to the station for a warrant, is admissible, where it is material to prove possession of the pistol at the time.

7. SAME—*proof that defendant tried to conceal pistol when arrested, proper.* An illustration by a police officer who arrested one accused of robbery, as to the manner in which he held a revolver when arrested, is admissible for the purpose of showing an attempt to conceal it and pass it to a friend.

8. SAME—*robbery from person—prima facie proof of ownership of property.* Proof of robbery from the person is sufficient *prima facie* evidence of the ownership of the money taken.

9. Same—*cross-examination of defendant as to occupation.* A defendant on trial for robbery, who testifies to his occupation as a laundryman, may be cross-examined as to whether he did not keep a place for opium smoking.

10. Witnesses—*competency of witness who violates order of exclusion from the court room.* A witness who has been in the court room contrary to an order excluding witnesses, though punishable for contempt, may be permitted, in the discretion of the court, to be examined, notwithstanding his violation of the order.

Writ of Error to the Criminal Court of Cook county; the Hon. Henry V. Freeman, Judge, presiding.

C. S. O'Meara, for plaintiffs in error.

Maurice T. Moloney, Attorney General, (T. J. Scofield, M. L. Newell, Samuel Richolson and George E. Bacon, of counsel,) for the People.

Mr. Justice Cartwright delivered the opinion of the court:

Plaintiffs in error were convicted in the Criminal Court of Cook county of the crime of robbery and sentenced to the penitentiary. The abstract of the record furnished is so incomplete that it is only with great difficulty that the questions raised have been examined, but we have gone to the record to get an understanding of them.

The first objection made is, that in addition to the oath prescribed by the laws of this State the witnesses were also sworn according to a Chinese practice, which was called the "Chinese chicken-oath." Upon looking into the record, it appears that counsel for the defendants moved the court that the Chinese witnesses on both sides should be required to take the Chinese chicken-oath, to which counsel for the People objected, while counsel for defendants argued that it was impossible to get some of the Chinese to tell the truth unless they were sworn in that manner. The court ruled that those of the witnesses who were willing might take the oath, but that

none of them should be compelled to do so. Part of them were sworn in that way, in addition to the regular oath. This proceeding having been had at the instance and request of the defendants they cannot be heard to complain of it.

It is objected that the court erred in refusing to permit defendants to cross-examine the complaining witness as to his connection with a gambling house. Counsel for defendants stated that he expected to show that the $10, of which it was charged the defendants robbed the witness, Soon Chong, was money lost at a gambling table; that the witness kept a gambling house, and took the $10 from one of the witnesses, Chin Men Yon, otherwise called Chan Mon Tan. The apparent purpose was to show that defendants merely repossessed themselves of $10 of which one of their number had been robbed in a gambling house. The court sustained an objection to some questions on that subject, but there was subsequent full examination about the loss of the money at a gambling table, and the defendants had all the benefit that could be derived from such an examination.

Objection is made that Lee Tow, a witness for the People, was permitted to testify to a statement of Soon Chong that he had been robbed. The evidence was, that at the time of the alleged robbery, in the place of business of Soon Chong, the five defendants came running out of the place past the witness and Soon Chong followed, and the witness said, "Him holler he robbed; which way you see those parties go past here?" This evidence was admissible as part of the *res gestœ.*

A witness, Chin Dock, was permitted to testify that he saw Chin Men Yon afterwards; that he had a pistol in his possession, and that he put up the pistol and chased the witness. This was soon after the alleged robbery, and the witness, who was the partner of Soon Chong, had been to the station for a warrant. It was material to prove the possession of the pistol at that time, and the

evidence of this witness, and others who were examined to the same point, was competent for that purpose.

There was also evidence that Chin Lung Bow had a revolver at the time of his arrest, soon after the alleged robbery, and complaint is made that the police officer making the arrest was allowed to illustrate how he held the revolver when arrested. The only illustration was to show an attempt to conceal it and pass it to a friend. There was no impropriety in the evidence.

The defendant Chin Lung Bow (Chan Lang Bow) was examined as a witness, and testified that his occupation was the laundry business. On cross-examination he was asked if it was not a fact that, instead of being in the laundry business, he was running an opium-smoking business, and if he did not keep an opium joint. It is objected that this was wrong, but having testified to his occupation it was proper to cross-examine him on that subject.

It is claimed that error was committed by the court in permitting the witness Sam Moy to testify after being in the court room contrary to the order of the court excluding witnesses. The court might properly punish a witness for contempt for violation of the order, but it was not an abuse of discretion on the part of the court to permit him to be examined as a witness.

The desk sergeant at the police station was examined, and it was shown that there was a system of making tickets, with the name of the prisoner, the time of the arrest and the charge against him, on them; that the tickets were taken by the desk sergeant and entered in the record. For the purpose of showing the time when the defendants were arrested this book was admitted, against the objection of defendants. We do not perceive any special materiality in the evidence, and it was stated at the time by defendants' counsel that there was no controversy about the time of the arrest, so we do not see how any harm could have come to the defendants even if the evidence was not strictly competent.

The other objection to ruling on evidence which it is necessary to notice related to cross-examinations of the defendants as witnesses, and of others testifying for them, about matters tending to affect their credibility. We do not think, however, that the reasonable limit of a cross-examination for the purpose of testing credibility and enabling the jury to understand the character of the witnesses was exceeded.

There was some inquiry as to membership in a Chinese society known as the "Bow Long Tong," about which complaint is made. This society was introduced into the trial by evidence that these defendants, on the afternoon of the day before the alleged robbery, came to Soon Chong and demanded $50 as taxes for this club, and told him that if he did not give them the money they would give him trouble. Wang Duck testified as a witness in behalf of the defendants as to the object of the club, and the principal reference to those objects in the evidence was in his cross-examination. He was asked if there was not a "fan-tan" gambling apparatus in the rooms of that club, and also a "bung-loo" apparatus, and appliances for opium smoking, but he denied that there was anything of that kind or that the objects of the club embraced anything of that sort. We cannot see that any harm was done to the defendants by any testimony concerning that club.

The witness Chin Lung Bow endeavored to establish an *alibi* by proof that he arrived in Chicago from Cleveland after the time of the offense, but the jury were justified in their conclusion that the *alibi* was not proven.

The evidence before the jury was amply sufficient to sustain the conviction of the defendants, and it does not seem to be seriously contended that it was lacking in any particular, except that it is claimed that the ownership of the $10, of which Soon Chong was robbed, was not proved. The evidence was, that two of the defendants, armed with revolvers, remained in the front room next

the street, while the other three went into the back room where Soon Chong was; that one of them restrained him while another held a revolver and the third took the money out of his pocket. The fact of the robbery from his person was sufficient *prima facie* evidence of the ownership of the money taken.

The court gave fourteen instructions at the request of defendants, embracing all those usually given and generally applicable in criminal cases, and covering all the questions in this case. They were as favorable to the defendants as could have been asked. There was no error in the giving or refusing of instructions.

The judgment will be affirmed.       *Judgment affirmed.*