## MATTHEW HOWARD

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1901.*

1. ROBBERY—*felonious intent may be inferred from proof of a violent taking.* When the fact of violence and the taking of property has been proved the felonious intent may be inferred.

2. SAME—*what sufficient proof of ownership of stolen property.* Evidence that the prosecuting witness was carrying a pair of shoes under his arm when assaulted by the accused, and that he stated to the police officer, after the assault, that he had lost *his* shoes, is sufficient evidence of the ownership of the property, where the indictment alleges it was the property of the prosecuting witness.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

STROHM, JUDSON & HITT, for plaintiff in error.

H. J. HAMLIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and HARRY OLSEN, of counsel,) for the People.

Mr. JUSTICE RICKS delivered the opinion of the court:

At the January term, 1901, of the criminal court of Cook county, plaintiff in error, Matthew Howard, was convicted of the crime of robbery. Motion was entered for a new trial, which was overruled, and now plaintiff in error brings his case to this court.

No errors of law are assigned. In their brief, counsel for plaintiff in error say: "There is but one assignment of error and one question for the court to pass upon: Is the verdict of the jury supported by the evidence?"

But two witnesses testified, and they were both on the part of the People. The prosecuting witness stated that on November 17, 1900, about nine o'clock P. M., he was on his way to work, carrying under his arm a pair of old work-shoes, worth $1.75, wrapped up in paper, and

had passed the railroad tracks on Elizabeth street, in Chicago, when he heard some one running behind him on the board sidewalk; that he turned to see who it was and was struck in the mouth, the blow cutting his lip; that the person who struck him grabbed him by the arm and threw him down; that he caught the man by the leg, and, holding him, hallooed; that the man broke away and ran. He identified plaintiff in error as the man, and stated that in the encounter his shoes were taken, or, as he says, were lost; that he got up and went to a saloon near by and washed the blood off of his face, and that a few minutes afterwards a policeman brought the defendant in the saloon; that he recognized and identified him, and when asked by the policeman if he had lost anything, said he had lost a pair of old shoes that he had wrapped in a paper; that the policeman then handed him the shoes, which were wrapped the same as they were when they were under his arm.

Officer Tichart testified that he was a police officer and on duty at the time of the robbery; that his attention was attracted by the hallooing over toward the railroad track, near Elizabeth street, and that he started in that direction; that he saw defendant coming running toward him; that defendant was looking back and did not see him, and that he hid between two cars and waited until defendant came abreast of him, when he grabbed him and searched him; that he took defendant back to where the encounter had taken place; that quite a crowd was collected there; that he then took him to the saloon where the prosecuting witness was, and that Ritchie said, "That is the man that struck me;" that he asked Ritchie if he had lost anything, and that Ritchie replied that he had lost his shoes; that he went back to the railroad track and found the shoes about seventy-five feet from where the encounter and struggle took place; that they were lying beside the railroad track and that he delivered them to Ritchie.

The foregoing was all the evidence in the case. Plaintiff in error insists that this proof is defective and insufficient, in that it fails to show an intent to rob at the time the assault was made; that it also fails to show that the plaintiff in error took the property of the prosecuting witness, and that there is no sufficient evidence of ownership in Ritchie of the property in question.

A criminal offense consists in the violation of public law in the commission of which there must be a union or joint operation of act and intention or criminal negligence, and the intention is manifested by the circumstances connected with the perpetration of the offense and the sound mind and discretion of the person accused. We apprehend that in most cases of robbery it would be impossible to show the intention of the person charged other than as the same is manifested by the circumstances connected with the perpetration of the offense. We occasionally have cases of the polite highwayman, who stops the passing victim and with a revolver in his hands requests the delivery of money and other articles of value, but the greater number of such offenses are committed by the exercise of absolute violence from the very beginning, and finally resulting in the carrying away of the property of the person assaulted. In such cases there has never been any difficulty in reaching the legal conclusion that the assault was made with the intention of committing the robbery, and especially so in the absence of all evidence tending to show any other intention. When the fact of the violence and taking has been proved the felonious intent may be inferred. (*Jordan* v. *Commonwealth*, 25 Gratt. 948; *Long* v. *State*, 12 Ga. 293.) It is true that no one testified that he saw the plaintiff in error have the shoes in question in his hands or custody, but the evidence shows that Ritchie, the prosecuting witness, was going along Elizabeth street and crossing the railroad tracks; that the officer, hearing the alarm given by Ritchie, went to the railroad tracks some distance from

where the assault was made and saw the plaintiff in error running toward him down the railroad tracks, and that the shoes were found down these railroad tracks seventy-five feet from where the encounter took place. Ritchie was not going down the railroad tracks, and was not shown to have been within less than seventy-five feet of where the shoes were found, and we think the jury were warranted, from the evidence and circumstances, in finding that the plaintiff in error took the shoes to the place where they were found.

The last contention is, that the ownership of the property taken was not sufficiently proven. The uncontradicted evidence is that the prosecuting witness, Ritchie, had the shoes under his arm, going to his work; that they were working-shoes; that he stated to the officer, when inquired of if he had lost anything, that he had lost *his* shoes. The averment in the indictment was that it was the property of Ritchie that was taken, and the possession by Ritchie of that property was evidence supporting that averment. If the averment had been that Ritchie was carrying property of some other person and that that property was taken, the mere possession of it by Ritchie would not have proved or tended to prove the ownership of the property by the person alleged, in that case; but in the case at bar, when he is in possession, the ownership unquestioned, it is very strong evidence of his ownership. In *Bow* v. *People*, 160 Ill. 438, we held that the fact of the robbery from the person of the prosecuting witness of money which he had in his pocket was sufficient evidence of ownership. To have found the verdict they did, the jury must have found that plaintiff in error took the shoes in question from Ritchie, and if they did so find, then such taking, together with the other evidence in the case, sufficiently established the ownership of the property.

We think the verdict of the jury was warranted by the evidence, and the judgment will be affirmed.

*Judgment affirmed.*