THOMAS J. SHEIBLEY v. GEORGE L. NELSON.

FILED FEBRUARY 22, 1906. No. 13,895.

1. **Libel.** The title or heading of a published article is a part thereof, and must be considered in determining whether the publication is libelous.

2. ————. Charging a person with being a blackmailer is libelous *per se,* our statute having made blackmailing a criminal offense.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*George W. Argo, W. E. Gantt* and *B. Ready,* for plaintiff in error.

*J. C. Robinson, McCarthy & McCarthy, C. A. Irwin* and *John V. Pearson, contra.*

DUFFIE, C.

We copy in full the petition in this case as follows: "The plaintiff above named complains of the defendant

and alleges: (1) That on the 31st day of October, 1902, at Hartington, Nebraska, the defendant falsely, wickedly and maliciously composed and published of and concerning the plaintiff, in a newspaper called the 'Hartington Herald,' the false and defamatory matter following, to wit: 'Blackmailers exposed. Fusionists circulate slanderous stories against McCarthy. Sworn affidavits of alleged injured party and ex-marshal McLean of Ponca vindicate McCarthy's character. Because of the persistent efforts of the fusionists of Cedar county to circulate slanderous stories against the character of J. J. McCarthy, republican candidate for congress, it has become necessary for that gentleman's friends to prove the falsehood and blackmailing character of the charges preferred against him by vindictive enemies. Such dastardly tactics by the leaders of the opposition serve to prove the desperate straits to which they have been brought. They had every opportunity to convince themselves of the falsity of the charges, and indeed we are told that no less a personage than John S. Robinson, fusion candidate for congress, himself visited the alleged injured parties, who live only a short distance from Hartington. All the alleged injured parties indignantly deny that they were mistreated or insulted in any way by Mr. McCarthy. Miss Emma Leise, whose affidavit we reproduce below, is the young girl who, while at Ponca, was induced by interested parties to sign an affidavit, the contents of which she was ignorant, which reflected upon the character of Mr. McCarthy. She desires to so far as possible right the wrong done Mr. McCarthy, by cheerfully consenting to the publication of her affidavit. Mr. Leise's affidavit is also self-explanatory. Mr. McLean's affidavit is also self-explanatory, and together the three sworn affidavits are a complete vindication of Mr. McCarthy and expose the malicious character of the charges made against his character.

"'State of Nebraska, Cedar county, ss.: Emma Leise, being first duly sworn, deposes and says that she is 17

years of age, and a resident of Cedar county, Nebraska; that a certain affidavit made by her on the 8th day of October, 1902, while in Ponca, Dixon county, Nebraska, the contents of which I did not comprehend, I hereby make this affidavit to the effect that I did not fully understand the contents of said affidavit and desire to retract the said affidavit made by me. Emma Leise.

" 'Subscribed and sworn to before me this 24th day of October, 1902. J. F. Jenal, County Clerk. (Seal.)'

" 'State of Nebraska, Cedar county, ss.: Frank W. Leise, being duly sworn, deposes and says that he is a resident of said county, Nebraska, and that he is the father of one Mary Leise; that on the afternoon of September 14, 1902, he was present at the funeral of one Henry Ferber, which took place in the city of Ponca, Dixon county, Nebraska; that on that occasion certain parties, whose names he desires to withhold, approached deponent for the purpose of advising him to make a complaint against one J. J. McCarthy, to effect that J. J. McCarthy had at some remote time in the past made a violent assault upon his said daughter, Mary Leise, with a view of outraging her. Deponent further states that the said parties, whose names he desires to withhold, said he should forthwith make complaint; that deponent refused to do so, stating that so far as his knowledge and information served him, based upon a conversation had with his said daughter Mary relative to the accusations intended to be incorporated into said proposed complaint, Mr. McCarthy was perfectly innocent of any wrong or misconduct toward his said daughter Mary, and that before he would be coerced into instigating or sanctioning such maliciously false and unjustifiable accusations he himself would suffer his entire estate to be used in the defense of the character of his own child and in the interest of justice and right. F. W. Leise.

" 'Subscribed in my presence and sworn to before me this 24th day of October, 1902.

" 'J. F. Jenal, County Clerk. (Seal.)'.

" 'State of Nebraska, Cedar county, ss.: Frank McLean, being first duly sworn, deposes and says that he is a resident of Cedar county, Nebraska; that from the 1st day of May, 1901, to the 1st day of January, 1902, he acted in the capacity of city marshal of the city of Ponca, Dixon county, Nebraska; that on the evening of November 4, 1901, and while acting in said capacity, at or about the hour of eleven o'clock P. M., he was approached by one T. J. Sheibley (meaning the plaintiff), who informed him that a great crime had but a few moments since been attempted, in that one J. J. McCarthy had attempted some undue familiarity with one Mrs. Minnie Franz to her great physical and mental injury and extreme mortification, and that he wished the would-be criminal apprehended at once. Whereupon affiant hastened to the scene for the purpose of investigating said alleged wrong, but instead of finding Mrs. Minnie Franz, the supposed wronged woman, sick or suffering any mental distress or physical injury, he found her in an apparently calm and composed attitude, being neither disturbed in body nor mind, and with no accusations to make against the said J. J. McCarthy, and that all the conditions and surroundings, apparently in their normal state, satisfied affiant that the apprehensions of said T. J. Sheibley (meaning the plaintiff) were either misconceived or equivocated, there being absolutly no evidence of the circumstances narrated by the said T. J. Sheibley (meaning the plaintiff), and quoted above, upon which to verify his apprehensions; and this affidavit is made on my own motion and for the sole purpose of vindicating the character of one whom I believe to be innocent. Frank McLean.

" 'Subscribed in my presence and sworn to before me this 20th day of October, 1902. W. W. Cooper, Notary Public. (Seal.)'

"That defendant meant by said article that the plaintiff was a blackmailer and that he was guilty of circulating false, malicious and blackmailing stories against the character of the said J. J. McCarthy named in said article.

"(2) That by means of said false and defamatory pub-

lication the plaintiff was injured in his reputation to his damage in the sum of $6,000. Wherefore plaintiff asks judgment against the said defendant for said sum of $6,000 and costs of suit."

The answer consists of "(1) A general denial of all matters except such as are specifically admitted. (2) Admits the publication of the article, but denies that it was published falsely, wickedly, or maliciously, or with any intent to injure or defame the plaintiff; that the defendant was editor and publisher of the Hartington Herald, a newspaper printed and published at Hartington, Cedar county, in the third congressional district of the state of Nebraska; that at the time of publication a canvass for the election of a member of.congress from said district was in progress, and one J. J. McCarthy was the regular nominee of the republican party for said office; that the article was published within said district only in good faith, and without malice or ill will toward the plaintiff, and with the *bona fide* purpose of giving to the electors and interested people of the district what the defendant in good faith believed at the time to be truthful information concerning the character and fitness of said candidate, for the purpose of enabling the electors to more intelligently cast their ballots, and in defense of the character of said candidate in response to attacks made upon his character and fitness for said office; that defendant was an elector of said district and was at the time of the publication of said article actively supporting the candidacy of said J. J. McCarthy. (3) For a further defense it is alleged that in so far as the article referred to or applied to the plaintiff the same was in all respects true, and was published in good faith, without malice and with good motives with justifiable ends as stated in the second paragraph of the answer." A reply in the nature of a general denial was filed to this answer.

Plaintiff on his own behalf testified that there was no other person in Ponca, Nebraska, by the name of T. J. Sheibley, and on cross-examination stated that he was

not a fusionist in politics, but that in the year 1902 he voted a split ticket. George L. Nelson, the defendant, was called by the plaintiff and identified a copy of the Hartington Herald published by him, and admitted the publication of the article set forth in plaintiff's petition; that his paper was a weekly, and did not circulate largely outside of the county where published; that he presumed from the affidavits embodied in the article that the publication referred to T. J. Sheibley, the plaintiff; that he wrote the article, except the affidavits which were furnished him by a third party. On cross-examination he stated that he had no acquaintance with plaintiff at the time of the publication; that he had no part in writing or procuring the affidavits set out in the publication complained of. Thereupon the plaintiff rested. The defendant then moved the court to direct a verdict for the defendant upon the following grounds: "(1) The petition does not state a cause of action. (2) There is not sufficient evidence offered to sustain a verdict for the plaintiff nor to authorize a submission of the issues joined in the pleadings, or any of them, to the jury. (3) The evidence does not show or tend to show that the defendant published of and concerning the plaintiff any article which is libelous *per se,* nor is there any evidence of any allegation in the plaintiff's petition of special damages." This motion was sustained, and a verdict for the defendant accordingly directed. A motion for a new trial being overruled, the plaintiff has brought the case to this court on error.

The heading of the alleged defamatory publication is as follows: "Blackmailers exposed. Fusionists circulate slanderous stories against McCarthy. Sworn affidavits of alleged injured party and ex-marshal McLean of Ponca vindicate McCarthy's character." That these headlines designate the parties circulating slanderous stories against McCarthy as blackmailers is clear, and if the headlines are to be taken in connection with the article itself it is certain that the publication is libelous *per se* in alleging that the

parties referred to have violated our criminal code. Section 46d of the criminal code makes blackmailing a criminal offense, and it is not controverted that an article charging a criminal offense against a party is libelous *per se.* In 18 Am & Eng. Ency. Law (2d ed.), p. 985, it is said: "The title or heading of an article is a part thereof and must be considered in determining whether or not the publication is libelous; and it has been frequently held in actions based on publications in newspapers that the sting of the libel was contained in the headlines." See also the following: *McAllister v. Detroit Free Press Co.*, 76 Mich. 338, 15 Am. St. Rep. 318; *Pratt v. Pioneer Press Co.*, 30 Minn. 41; *Petsch v. Dispatch Printing Co.*, 40 Minn. 291; *Landon v. Watkins*, 61 Minn. 137; *McGinnis v. Knapp*, 109 Mo. 131; *Benton v. State*, 59 N. J. Law, 551; *Atkinson v. Detroit Free Press*, 46 Mich. 341. The plaintiff alleges in this petition that this defamatory matter was published of and concerning him and there was evidence sufficient to make that a matter for the jury. The other questions arising in the case as to privilege, etc., have been sufficiently discussed in *Sheibley v. Huse*, p. 811, *post*, and need not be further noticed here.

Because of the error of the court in taking the case from the jury, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.