ROBERT J. GREENE V. STATE OF NEBRASKA.

FILED DECEMBER 17, 1908.    No. 15,731.

1. **Constitutional Law: SPECIAL LEGISLATION.** Section 3 of the act of March 30, 1901 (laws 1901, ch. 93), contravenes section 15, art. III of the constitution of the state of Nebraska, which forbids special legislation, as well as section 1 of the fourteenth amendment to the constitution of the United States, which forbids a state to deny to any person within its jurisdiction the equal protection of the laws, in that the acts thereby prohibited are made criminal only when committed against citizens or residents of the state of Nebraska.

2. ———: ———. The rule that a court will not listen to an objection made to the constitutionality of a law by a party whose rights it does not affect is inapplicable to a case where the vice of the law consists in an unwarranted discrimination between the individuals against whom the aggression thereby forbidden is committed.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed and defendant discharged.*

*Greene & Greene, L. C. Burr, H. F. Rose* and *T. J. Doyle,* for plaintiff in error.

*William T. Thompson, Attorney General, Grant G. Martin* and *Frank M. Tyrrell, contra.*

CALKINS, C.

The plaintiff in error, hereinafter called the defendant, was indicted with his alleged partner for a violation of the provisions of section 3 of the act of 1901. Laws 1901, ch. 93; criminal code, sec. 46d. It was charged that the defendants, who were alleged to be attorneys at law, conspired together to sue a large number of saloon-keepers just prior to the time for the issuing of licenses; that the defendants would then threaten to file remonstrances against the issuing of such licenses, and by means of such threats obtain money from such saloon-keepers. This defendant demanded a separate trial, which was granted; and the state elected to proceed against him upon the charge of extorting $150 from one Clyde Lester. There was a verdict of guilty, and a judgment that the defendant pay a fine of $200 from which he prosecutes error to this court.

1. Section 3 of the act of 1901 is as follows: "Any person or persons who shall by threats, intimidation, coercion, extortion, injunction, conspiracy, deception or subterfuge, obtain, or seek to obtain, money or other valuable consideration, or shall cause the same to be done directly or indirectly, from any citizen or resident of this state, or compel them to perform any act not consistent with common law or equity, or who shall by such threats, coercion, intimidation, extortion, injunction, conspiracy, deception or subterfuge, induce any citizen or resident of the state of Nebraska to surrender anything of value or relinquish any right, guaranteed by the laws of Nebraska, in consideration of the withdrawal of said threats, coercion, intimidation, extortion, injunction, conspiracy, deception or subterfuge, shall be deemed guilty of blackmail, and upon conviction thereof shall be confined in the penitentiary for not more than three years nor less than one year, 'or be fined not less than two hundred ($200) dollars, nor more than five hundred ($500) dollars' for each and every offense." From a reading of this section it will

appear that its protection is confined to citizens or residents of the state of Nebraska. In this respect the statute appears to be *sui generis;* our attention not having been called to any similar enactment. We have, therefore, presented the question whether the legislature of a state may limit the protection of its criminal laws to its own citizens and persons resident within its boundaries. Giving to the term residents its widest possible construction, there must be constantly within the limits of the state a large number of persons who are neither citizens nor residents thereof. A just appreciation of the importance of the question involved will be best obtained by supposing the criminal code to be amended to conform to the policy adopted by the statute in question. The statute against homicide would then provide that if any person shall purposely and of premeditated malice kill a citizen or resident of the state of Nebraska, etc.; the statute against robbery, if any person shall forcibly or by violence and putting in fear take from the person of a citizen or resident of the state of Nebraska any money, etc.; the statute of arson, if any person shall wilfully and maliciously burn or cause to be burned any dwelling house, etc., the property of any citizen or resident of the state of Nebraska, etc. Such legislation we believe to be inhibited by section 15, art. III of our constitution, prohibiting special legislation, and clearly forbidden by section 1 of the fourteenth amendment to the constitution of the United States, which provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. We are forced to conclude that the statute is void, and that no conviction can be had thereunder.

2. We have not overlooked those cases which hold that a court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it. Where the constitutional objection is that the penalties of the law are directed against a certain class without any just reason for such discrimination, it is safe to

leave the question of the constitutionality of such laws to be raised by the parties against whom the discrimination is made; and such have been the facts in all the cases we have examined laying down this rule. It is inapplicable to a case where the vice of the law consists in an unwarranted discrimination between the individuals against whom the aggression thereby forbidden is committed. In such case there is no way by which any person within the jurisdiction of the state denied the protection of its criminal law could bring the question before a court for its determination. If the legislature should enact a law amending our criminal code so that the crimes therein specified should be crimes only when committed against citizens or residents of the state, such an act would be absolutely void, but its invalidity could never be brought before the court by any person belonging to the classes thereby denied the protection of the criminal law. If we apply to such a law the rule that its constitutionality would only be considered when the objection was made by a party discriminated against, there could be no objection of its invalidity. When such a law is sought to be enforced against any person, whether belonging to the classes discriminated against or not, it should be declared void.

We therefore recommend that the judgment of the district court be reversed and the defendant discharged.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the defendant discharged.

REVERSED.

ROSE, J., not sitting.