ANNA W. SHEIBLEY, ADMINISTRATRIX, APPELLANT, V. GEORGE L. NELSON, APPELLEE.

FILED MAY 7, 1909.   No. 15,364.

1. **Libel:** INSTRUCTIONS. If a defendant admits the publication of an article libelous *per se*, but alleges that his statements are true, it is error to charge the jury in effect that the burden is on plaintiff to prove malice and damages.

2. ———: PLEADING: EVIDENCE. If a defendant denies that he pub-

lished a libel of and concerning plaintiff, he will not be permitted
to prove the truth of his publication.

3. **Hearsay Evidence**, tending to prove an issue, if admitted without
objections, may sustain a verdict; its probative force being for
the jury, and not the court, to determine.

4. **Trial: Instructions.** If any competent evidence concerning a ma-
terial fact is introduced on the trial of a case, it is error for
the court to instruct the jury that there is not any evidence on
said point.

5. **Evidence: Res Gestæ.** Where it becomes material to ascertain
whether a woman was assaulted, and the identity of the person
who attacked her, evidence of her appearance at the time she
was fleeing from her assailant and seeking shelter in a neighbor's
house, and her spontaneous declarations with regard to the trans-
action, is admissible as part of the *res gestæ*.

Appeal from the district court for Cedar county:
Anson A. Welch, Judge. *Reversed.*

*W. E. Gantt,* for appellant.

*J. C. Robinson, J. V. Pearson* and *J. J. McCarthy,*
contra.

Root, C.

The pleadings in this case are referred to at length in
an opinion of Mr. Commissioner Duffie on a former ap-
peal to this court, 75 Neb. 804. Upon the second trial a
jury found for defendant, and plaintiff again appeals.

1. In its fourth instruction the court informed the jury
"that the burden of proof is on the plaintiff to prove by
a preponderance of the evidence all the allegations of his
petition which are not admitted by the answer"; and in
its second instruction told them that the answer admitted
the publication, but denied that it was published "falsely,
wickedly or maliciously or with intent to injure or de-
fame plaintiff," but charges that, in so far as it referred
to plaintiff, the same was true. On the former appeal it
was held that the article was libelous *per se.* Since that
opinion was written section 46d of the criminal code,

which attempted to provide penalties for blackmail, etc.,
has been held void in *Greene v. State*, 83 Neb. 84, but sec-
tion 46*a* of said code, defining blackmail, still exists.   In-
dependent of any statute, the popular definition of the
word "blackmailer" describes an odious creature.   We are
still of opinion that to print and circulate a statement
that one is a blackmailer, and has been guilty of circulat-
ing false, malicious and blackmailing stories of and con-
cerning another person, is libelous *per se*.   On the trial
of the case plaintiff admitted that he had never resided
in Cedar county, and had never affiliated with the fusion
party.   The term "fusionist" has a well-known meaning
in Nebraska, and is descriptive of those individuals who
support candidates for elective offices nominated by the
joint action of electors of the democratic and people's in-
dependent parties, or their representatives.   So much of
the alleged libel as referred to the fusionists of Cedar
county was therefore immaterial.   There remained, then,
for consideration the charges that plaintiff was a black-
mailer, and had circulated false, malicious and slander-
ous stories concerning McCarthy.   The justification is
indefinite, so that it is extremely difficult, if not impos-
sible, to say from an inspection of the pleadings what was
admitted and what denied.   The rule is well settled that
a defendant may justify as to part of the charge, pro-
vided such part contains a distinct imputation which can
be separated from the rest.   Odgers, Libel and Slander
(4th ed.), 180.   Plaintiff did not by motion or demurrer
test the sufficiency of the answer, and the trial proceeded
on the evident theory that the parties and the court as-
sumed that the answer amounted to a partial justification.

The alleged libel contains several charges, and defend-
ant should have plainly indicated the part thereof he
claimed was true.   The Franz transaction referred to in
the affidavit of McLean, and more fully detailed in Mrs.
Franz' affidavit, seems to have been one of the slanderous
stories referred to in the publication.   Malice in law will
be presumed from the publication of an article libelous

*per se,* and that presumption will become conclusive unless the truth of the libel is established. Such malice does not mean hatred or ill will, but the want of legal excuse for the publication. Damages will also be presumed from the publication of an article libelous *per se.* *Bee Publishing Co. v. World Publishing Co.,* 59 Neb. 713; *Sheibley v. Fales,* 75 Neb. 823; *Prewitt v. Wilson,* 128 Ia. 198; *Conroy v. Pittsburg Times,* 139 Pa. St. 334, 23 Am. St. Rep. 188; *Childers v. San Jose Mercury P. & P. Co.,* 105 Cal. 284, 45 Am. St. Rep. 41. If the defendant justified the publication of the charge that plaintiff was a blackmailer, or that he was guilty of circulating the aforesaid slanders, and failed in the proof, both defendant's malice and plaintiff's damage would be presumed. The record discloses that defendant did offer evidence to prove that plaintiff was guilty of circulating such stories, and the fourth instruction given was erroneous.

2. The learned trial judge in his eleventh instruction informed the jurors that "there is no evidence whatever in this case tending to prove the truth of such slanderous stories against McCarthy." Defendant himself, without any objection, introduced in evidence copies of the Franz, Ferber and Drager affidavits. While all of those affidavits were *ex parte* and the Ferber one hearsay, they were sworn to, and no question was made concerning the accuracy of the statements therein contained. J. H. Brown also testified in detail in his deposition that plaintiff told him about the Franz transaction, and that deposition was introduced in evidence and read to the jury. The tendency of all of those statements would be to induce some belief in the existence of the transactions therein referred to. Verdicts may result from hearsay testimony and be sustained where that evidence is permitted without objection to go to the jury; its probative force under those circumstances being for the jury, and not the court, to determine. 1 Elliott, Evidence (2d ed.), secs. 330, 331; *Damon v. Carrol,* 163 Mass. 404; *State v. Cranney,* 30 Wash. 594; *Goodall v. Norton,* 88 Minn. 1; *Lindquist v.*

*Dickson,* 98 Minn. 369. There being some relevant evidence concerning said fact, the court erred in taking that issue away from the jury. *Wiese v. Gerndorf,* 75 Neb. 826.

3. We are also of opinion that the spontaneous statements made by Mrs. Franz to Mrs. Sheibley and the appearance of the former woman at the time it is claimed that she came to the latter's home for protection were competent, and should have been admitted in evidence. 3 Wigmore, Evidence, secs. 1747, 1753; *Bow v. People,* 160 Ill. 438; *State v. Carter,* 106 La. 407. The other objections to the rulings of the court turn upon a construction of defendant's answer. In *Williams v. Fuller,* 68 Neb. 362, we held that one may not deny that he published an article of and concerning plaintiff, and be permitted to prove the truth of his publication. In the instant case it is not altogether clear what charge in the publication is justified, but, for the reasons heretofore stated, we do not think that we should hold that the answer is absolutely bad. *Sheibley v. Fales,* 81 Neb. 795. In the state of the record the court did not err in admitting evidence on the plea of justification.

For the errors referred to, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., dissenting.

I cannot agree to this judgment for the reason that I do not believe the petition sufficient to constitute a cause of action.