EDMOND HANS, APPELLEE, V. AMERICAN TRANSFER COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 29, 1912. No. 16,983.

1. **Trial:** INSTRUCTIONS: REVIEW. In reviewing instructions the charge to the jury should be construed as a whole.

2. **Appeal:** INSTRUCTIONS: REVIEW. An assignment that a particular instruction is erroneous may be overruled on appeal without an examination of its merits, where appellant disregarded the rule requiring him to insert in his abstract the entire charge, if he objects to any part of it.

3. ———: OFFER OF PROOF. Error cannot be predicated on a rejected offer of proof not within the limits of the question asked.

4. **Witnesses:** EXAMINATION. "Questions propounded to a witness must not assume the existence of a fact not proven in the cause." *Bennett v. McDonald,* 59 Neb. 234.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*McGilton, Gaines & Smith,* for appellants.

*H. S. Daniel* and *John A. Moore, contra.*

ROSE, J.

While plaintiff was in the employ of defendants, he fell from a wagon-load of manure at a dump in Omaha and broke one of his legs. This is an action to recover damages in the sum of $12,600 for the injuries thus sustained. The negligence imputed to defendants is their failure to furnish a key to keep the king-bolt of the wagon in place.

Defendants denied negligence, and pleaded that plaintiff was intoxicated and that his injury resulted from his own carelessness. The jury rendered a verdict in favor of plaintiff for $1,750, and from a judgment therefor defendants have appealed.

Two instructions are criticised by defendants in this language: "After correctly stating the law with respect to the facts which constitute negligence and of intoxication upon the part of the plaintiff, the jury were told that if they found from a preponderance of the evidence either that the failure upon part of plaintiff to act in a manner in which an ordinarily prudent person would have done under the circumstances, and said failure contributed to cause his injury, or if they found from a preponderance of the evidence that at the time of the accident plaintiff was intoxicated, and such intoxication directly contributed to his injury, then they would be justified in finding the plaintiff guilty of contributory negligence, and in either of such cases their verdict should be for defendants. Our criticism of this instruction is that it lacks the element of command." It is unnecessary to consider the merits of the criticism on the two instructions assailed for the following reasons: The case was submitted on a printed abstract. In the preparation of abstracts the rule relating to instructions is: "Where no objection is made to the giving or refusing of any instruction, omit all, but where there is objection as to the giving or refusal to give any instruction or instructions, set out the whole charge, pointing out specifically the instructions excepted to." 89 Neb. viii. In utter disregard of this rule, the abstract contains only the two instructions criticised, which are numbered 13 and 14. The charge to the jury must be construed as a whole. Without a resort to the official transcript of the proceedings below, it cannot be said that the trial court did not give, at the request of defendants, or on its own motion, an instruction containing the elements of command not found in the instructions appearing in the abstract. Since the merits of defendants'

criticism depend on matters not found in the abstract, the transcript will not be examined in this case for the purpose of establishing error.

The remaining errors assigned are based on the refusal of the trial court to permit the assistant pay clerk of the Union Pacific Railroad Company to answer the following questions: (1) "Do you know the reason why Hans left the services of the Union Pacific?" (2) "You may state why Hans was let out of the services of the Union Pacific." The substance of defendants' argument on this point may be stated thus: Plaintiff testified that at the time of the injury he was a strong, able-bodied man, capable of earning $100 a month; that his regular occupation had been railroad work; that he worked for the Union Pacific four or five months in 1907, having had charge of an engine as foreman of the switchmen, and that he had earned from $100 to $135 a month. The testimony of the assistant pay clerk of the Union Pacific showed that the entire sum earned by plaintiff as switchman during the year 1907 was $70.88, and there was no proof that he had worked for any other railroad company. To meet his proof that he was capable of earning from $100 to $135 a month as switchman, defendants offered to prove that such an occupation was not open to him; that when he had such a position his habits of intoxication unfitted him for the performance of his duties and caused him to lose his employment. Though this argument is directed to both questions and to all of the offers thereunder, the trial court ruled separately on the questions presented, and they will be reviewed separately.

(1) After objections to the question, "Do you know the reason why Hans left the services of the Union Pacific?" had been sustained, defendants offered "to show that the witness knows why," and "that Hans' habits were those of intoxication, so that he was unfitted to perform his duties." The rejection of the first offer was clearly not prejudicial, if proper, and the second was not responsive to the question. Error cannot be predicated on a rejected

offer of proof not within the limits of the question asked.
*Barr v. Post,* 56 Neb. 698.

(2) When the trial court sustained objections to the
question, "You may state why Hans was let out of the
services of the Union Pacific," defendants made the fol-
lowing offer: "We offer to show that the reason why
was that because his habits of intoxication were such he
was unfitted to perform his duties." The question was
propounded on direct examination to defendants' own.
witness and clearly assumed that plaintiff had been dis-
charged by the Union Pacific, a fact not proved. On that
ground the question was improper. "Questions pro-
pounded to a witness must not assume the existence of a
fact not proven in the cause." *Bennett v. McDonald,* 59
Neb. 234.

No error having been found, the judgment is

AFFIRMED.