STATE *v.* JOHN SHADY.

January Term, 1927.

Present:    WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed February 2, 1927.

*Constitutional Law—When Person Not of Class Discriminated Against May Raise Question of Unconstitutionality—G. L. 6973—Presumptions as to Statute's Validity.*

1.  Rule that one not of class discriminated against by statute cannot complain of its unconstitutionality as repugnant to equality

13

provisions of State and federal Constitution, does not apply where vice of law consists in unwarranted discrimination between individuals against whom aggression thereby forbidden is committed.

2. Respondent, prosecuted under G. L. 6973 for tapping wires of electric lighting corporation and using electric current therefrom without corporation's consent, had right to raise question of statute's unconstitutionality as unjustly discriminating in favor of corporations owning such lines and against natural persons or groups of persons owning them, though he was not affected by discrimination, since his rights are directly and necessarily affected by statute of which it is part.

3. Statute is presumed to be valid, and person assailing statute as unconstitutional because of discrimination has burden of making it appear that classification adopted therein does not rest upon any reasonable basis, but is palpably arbitrary.

4. Where classification of statute is challenged as discriminatory, if any state of facts reasonably can be conceived that will sustain it, existence of that state of facts at time law was enacted must be assumed.

5. Where constitutionality of G. L. 6973 was challenged on ground that statute was unjustly discriminatory in that statute made it a crime to take current from electric line owned by corporation without its consent, but did not make it a crime to use current from line owned by natural person or group of persons without consent, record not showing that at time law was enacted any such lines in this State was owned by a natural person or group of persons, Supreme Court will assume that there was none so owned, but that all lines were owned by corporations, hence that statute made no classification and was not discriminatory.

INFORMATION for violation of G. L. 6973. Plea, not guilty. Trial by jury in city court of Barre, *H. William Scott*, City Judge. Verdict of guilty and sentence thereon. The respondent excepted. The opinion states the case. *No error.*

*Albert A. Sargent* and *William W. Lapoint* for the respondent.

*Deane C. Davis*, grand juror of city of Barre, for the State.

POWERS, J.   The respondent was convicted of tapping the wires of the Montpelier & Barre Light and Power Corporation and using electric current therefrom without the consent of that corporation.   Under an exception saved when, at the close of the evidence, his motion for a directed verdict was overruled, he challenges the constitutionality of the statute under which he is charged (G. L. 6973) on the ground that it is repugnant to the equality provisions of both State and federal Constitutions.

The respondent's real ground of complaint is that this statute makes it a crime to so use the current from a line owned by a corporation, but does not make it a crime to so use the current from a line owned by an individual, partnership, or association.   This, he says, results in denying to the latter the equal protection of the law, and renders the statute void.

[1, 2]   The prosecutor insists that since the respondent is not of the class discriminated against he cannot be heard to complain,—invoking the rule approved in *State* v. *Haskell*, 84 Vt. 429, 441, 79 Atl. 852, 34 L. R. A. (N. S.) 286, and other cases. That this respondent would be in no better situation if this statute had been made broad enough to include individually owned lines is apparent; and if the rule referred to applies, it would be difficult to overrule the prosecutor's contention.   But the rule is subject to a necessary and well-established exception: It does not apply where "the vice of the law consists in an unwarranted discrimination between the individuals against whom the aggression thereby forbidden is committed."   This is the oft-quoted language of the court in *Greene* v. *State,* 83 Neb. 84, 119 N. W. 6, 131 A. S. R. 626, 628.   It was approved and followed in *State* v. *Elliott*, 135 Minn. 89, 160 N. W. 204, 206, and in *Quong Ham Wah Co.* v. *Industrial Acc. Com.*, 184 Cal. 26, 192 Pac. 1021, 12 A. L. R. 1190.   The same result was reached in *Van Camp Sea Food Co.* v. *Newbert* (Cal. App.), 244 Pac. 946, 949, and in *State* v. *Montgomery,* 94 Me. 192, 47 Atl. 165, 169, 80 A. S. R. 386.   And much the same thing was held in *Buchanan* v. *Warley,* 245 U. S. 60, 62 L. ed. 149, 160, 38 Sup. Ct. 16, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201.   These decisions are based upon the necessity of such an exception in order to make it possible in certain cases to raise and have determined the validity of the statute.   Take this very case.   Unless this respondent can raise this question, no respondent ever can, for one wrongfully connecting the current of an individual

owner cannot be prosecuted under this statute. Moreover, though this respondent is not affected by the discrimination, he is affected by the statute of which it is a part, since his rights are directly and necessarily affected by it, and in all fairness he ought to be allowed to show, if he can, that under the Constitution it is no statute at all.

[3, 4] So we turn to a consideration of the respondent's claim. The statute is presumed to be valid. He who assails it carries the burden of making it appear that the classification adopted in it does not rest upon any reasonable basis, but is palpably arbitrary. These propositions are fundamental and too well established to be questioned. One thing more: When the classification in such a law is called in question, if any state of facts reasonably can be conceived of that will sustain it, the existence of that state of facts at the time the law was enacted must be assumed. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 31 Sup. Ct. 337, 55 L. ed. 369, 377, Ann. Cas. 1912C, 160; *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342, 60 L. ed. 679, 687, 36 Sup. Ct. 370, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; *Crescent Cotton Oil Co.* v. *State of Mississippi,* 257 U. S. 129, 66 L. ed. 166, 171, 42 Sup. Ct. 42.

[5] This last proposition affords a sufficient basis on which to put our decision. There is nothing in the record before us to show that, at the time this law was enacted, there was a single electric light, heat, or power line in this State owned by a natural person or group of persons. Therefore it is the duty of this Court under the rule stated to assume that there was none such, and that all such lines were owned by corporations. Considering the nature of the business and the amount of capital required to carry it on, this assumption is a very reasonable one. With this assumption made, there is no classification made by the statute; everybody is included in it.

In making this assumption, we are doing no more than the Supreme Court of the United States did in the case last above cited. There the statute in question prohibited corporations from owning or operating any cotton gin, where such corporations were interested in the manufacture of cottonseed oil or cottonseed meal. The constitutionality of this statute was challenged on the ground that it denied to corporations the equal protection of the laws, for that it applied to them alone and not to natural persons. But, while the record showed that, prior to

the enactment, cotton gins had been operated by individuals, there was nothing to show that oil mills and cotton gins had been operated by individuals since the enactment, and it was so assumed by the Court, and the law was sustained.

*Judgment that there is no error in the proceeding and that the respondent takes nothing by his exceptions.   Let execution be done.*