STATE *v.* JOHN SHADY.

May Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5. 1927.

*Criminal Law—New Trial—Power of Legislature in Creating and Defining Criminal Offenses—When Classification of Legislature in Creating and Defining Criminal Offenses Will Be Reviewed by Courts—Classification Not Unconstitutional Simply Because Not All-inclusive.*

1. On petition for new trial so that respondent could bring into record fact that at time of enactment of G. L. 6973, making it criminal offense to tap electrical line of an electric light, heat, or power corporation, so that electricity might be taken therefrom without corporation's consent, individually owned electric light and power plants were in operation, to sustain respondent's claim when case was previously before Supreme Court on exceptions, that statute was unjustly discriminatory and denied equal protection of law, *held* that with such showing statute is not subject to infirmities urged, and petition must be denied.

2. It is province of Legislature to decide what acts are sufficiently inimical to public welfare to be declared to be criminal.

3. In matter of creating and defining criminal offenses, Legislature has very broad discretion, with exercise of which courts can interfere only when constitutional limitations plainly have been transgressed.

4. Legislature's power of classification when creating and defining criminal offenses will be reviewed by courts only when exercised in palpably arbitrary manner.

5. Criminal statute enacted for protection of particular class is not unconstitutional simply because specified class is not all-inclusive, or might have been so enlarged as to include others equally meriting same protection.

PETITION for a new trial, preferred to Supreme Court, Washington County, by respondent convicted under G. L. 6973

of tapping wires and using electric current of electric power corporation without its consent. *Petition dismissed.*

*William W. LaPoint* and *Albert A. Sargent* for the petitioner.

*Deane C. Davis,* State's attorney, for the State.

POWERS, J.  [1-5]   This is a petition for a new trial in the case of the same name reported in 100 Vt. 193, 136 Atl. 26. The petition is based upon the petitioner's desire to bring onto the record the fact that at the time of the enactment of G. L. 6973 individually owned electric light and power plants were in operation in this State, so that he may make it appear that the statute referred to is unconstitutional for the reasons urged when the case was here on exceptions. It would do him no good to succeed in this effort. The statute is not subject to the infirmities urged. Speaking broadly, it is the province of the Legislature to decide what acts are sufficiently inimical to the public welfare to be declared to be criminal.. In the matter of creating and defining criminal offenses, the Legislature has a very broad discretion, with the exercise of which the courts can interfere only when constitutional limitations plainly have been transgressed. The power of classification for such legislative purpose will be reviewed only when exercised in a palpably arbitrary manner. It is established by the decisions that a criminal statute enacted for the protection of a particular class is not unconstitutional simply because the specified class is not all-inclusive or might have been so enlarged as to include others equally meriting the same protection.

Perhaps we can speak no more convincingly than to quote the language of the Supreme Court of the United States on this subject. In *Patsone* v. *Pennsylvania,* 232 U. S. 138, 58 L. ed. 539, 543, 34 Sup. Ct. 281, Mr. Justice Holmes says: ''We start with the general consideration that a state may classify with reference to the evil to be prevented, and if the class discriminated against is or reasonably might be considered to define those from whom the evil mainly is to be feared, it properly may be picked out. A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. The demand for symmetry ignores the specific differ-

ence that experience is supposed to have shown to mark the class. It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named. * * * The State 'may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses.' ''

Again, in *Keokee Consolidated Coke Co.* v. *Taylor*, 234 U. S. 224, 58 L. ed. 1288, 1290, 34 Sup. Ct. 856, 857, the same distinguished jurist says: ''But while there are differences of opinion as to the degree and kind of discrimination permitted by the Fourteenth Amendment, it is established by repeated decisions that a statute aimed at what is deemed an evil, and hitting it presumably where experience shows it to be most felt, is not to be upset by thinking up and enumerating other instances to which it might have been applied equally well, so far as the court can see. That is for the Legislature to judge, unless the case is very clear.''

And again, in *Miller* v. *Wilson*, 236 U. S. 373, 59 L. ed. 628, 632, 35 Sup. Ct. 342, 344, L. R. A. 1915F, 829, Mr. Justice Hughes, in speaking of the Legislature's power to classify, says: ''It is free to recognize degrees of harm, and it may confine its restrictions to those classes of cases where the need is deemed to be the clearest. As has been said, it may 'proceed cautiously, step by step,' and 'if an evil is specially experienced in a particular branch of business' it is not necessary that the prohibition 'should be couched in all-embracing terms.' ''

Applying the reasoning of these cases to the petitioner's claim, there is nothing left of it. Moreover, the whole matter is covered by our own decisions. *In re Consolidated Rendering Co.*, 80 Vt. 55, 66 Atl. 790, 11 Ann. Cas. 1069, involved the constitutionality of an act of the Legislature that was said, by arbitrarily discriminating between individuals and corporations, to deny the latter the equal protection of the laws. In that case, the classification, like the one here involved, placed all corporations, whether domestic or foreign, in one class, leaving individuals, whether acting severally, as copartners, or as associates, in another class. It was held that the differences existing between natural and artificial persons in certain respects referred to, affored a proper basis for the classification.

In *Lawrence* v. *Rutland R. R. Co.*, 80 Vt. 370, 67 Atl. 1091,

15 L. R. A. (N. S.) 350, 13 Ann. Cas. 475, the weekly payment act, which applies to certain corporations but not to individuals, was attacked for unconstitutionality, and one of the grounds relied upon by the defendant as shown at page 373, was the very ground urged here,—that the act denied corporations the equal protection of the laws, because it did not apply to individuals engaged in the very same business. While this question is not discussed in the opinion of the Court, it must have been decided against the defendant's contention, since the act was sustained.

In handling this application, we have deemed it best to pass over the technical question raised and for the sake of finality, to decide the question sought to be brought before us.

*Petition dismissed with costs.*