JOHN L. RIMMER, APPELLEE, v. CHADRON PRINTING COMPANY, APPELLANT.

56 N. W. 2d 806

Filed February 6, 1953. No. 33295.

534

*Edwin D. Crites,* for appellant.

*Charles A. Fisher,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages in the sum of $50,000 for alleged libel. Issues were made and trial was had resulting in a verdict for $1,500. A motion for a new trial was made. Plaintiff was required to remit $500, which he did. The motion for new trial was overruled. Defendant appeals. Plaintiff cross-appeals urging error in the requirement as to a remittitur. We reverse the judgment of the trial court and remand for a new trial.

Plaintiff alleged that defendant published in its newspaper the following: " 'Chadron police picked up John L. Rimmer this week and turned him over to the sheriff of Sheridan County. A Warrant for his arrest charged grand larceny.' " Plaintiff alleged that the publication was a libel.

Defendant by answer admitted the publication and alleged that it was done without malice, believing it to be true when published; that there was a mistake made in good faith in the first name used, made as a result of its reporter "taking off information from the police docket"; and that in its next issue it corrected and retracted the publication, and apologized to the plaintiff. Plaintiff's reply was a denial except as to those allegations that admitted or tended to prove the allegations of his petition.

Relying on the provisions of sections 25-1330, 25-1332, and 25-1333, R. S. Supp., 1951, plaintiff moved for summary judgment on the issue of liability, contending that there was an issue only as to the amount of damages. The trial court held that plaintiff should have a summary judgment for nominal damages at least, with costs, and that the issue as to the amount plaintiff should recover be submitted to the jury.

Defendant here contends first that that judgment was erroneous; that liability could not attach unless the mistake was negligent; and that the issue was one which should have been submitted to the jury for the purpose of determining whether any damages are assessable at all. As we read the answer, defendant presents an issue of a publication by mistake.

Weighed on the basis of either contention the result is that the trial court did not err.

The rule is: "A publication is libelous per se if the nature and obvious meaning of the language is such as to impute to a person the commission of a crime, or to subject him to public ridicule, ignominy, or disgrace, or to render him contemptible or ridiculous in public estimation, or to expose him to public hatred or contempt, or to hinder virtuous men from associating with him." Heckes v. Fremont Newspapers, Inc., 144 Neb. 267, 13 N. W. 2d 110.

Clearly this article imputed to plaintiff the commission of a crime and as such was libelous per se. See Herzog v. Campbell, 47 Neb. 370, 66 N. W. 424.

The rule is: "One who is liable for a libel or for a slander actionable per se is liable for at least nominal damages." Restatement, Torts, § 620, p. 312. See, also, 33 Am. Jur., Libel and Slander, § 5, p. 39, § 282, p. 263, § 120, p. 120; 53 C. J. S., Libel and Slander, § 157, p. 240; Peck v. Tribune Co., 214 U. S. 185, 53 L. Ed. 960, 29 S. Ct. 554.

The rule also is: "* * * it is immaterial that the imperfection of the description is caused by the careless

or even non-negligent error of a clerk, workman, or printer for whose conduct the defamer is responsible as master or principal." Restatement, Torts, § 579, p. 203. The example given is: "The A newspaper prints an account of a fraud practiced on the city by a contractor named AMX. The name of the contractor intended is ANX, the wrong initial being inserted by mistake. The mistake, however reasonable, is no defense in an action for libel by AMX."

Consistent with these rules we have held: "A newspaper cannot avoid responsibility in a libel suit by proving that a reporter, by mistake, used the wrong person's name. The real question is not, at whom was the article aimed, but whom did it injure." Walker v. Bee-News Publishing Co., 122 Neb. 511, 240 N. W. 579.

Defendant's second assignment is that the trial court erred in instructing the jury that plaintiff was entitled to "at least nominal damages." What we have said heretofore disposes of this contention generally. Defendant seems to be of the view that the trial court, by the use of the words "at least nominal damages" and "other than nominal damages," suggested something more than nominal damages. The trial court instructed the jury: "If the plaintiff has failed to establish to your satisfaction by a preponderance of the evidence that he has suffered material harm under all the circumstances as a result of said publication, then you will find for the plaintiff in a nominal amount only." We find no merit in the assignment.

Defendant's next assignment is a claim of prejudice in the admission of certain evidence. Plaintiff on cross-examination was asked if the fact that defendant had admitted his mistake and apologized publicly made any difference to his nervousness or feelings. He replied: "Well, I figured they should run after me and apologize to me, come to me and talk to me or write me a letter and talk to me or something; but they never showed up, never come near me."

Defendant did not object to the answer. Plaintiff was then asked on cross-examination if after he started the libel action he expected the editor to apologize. Plaintiff objected and the witness answered: "* * * I don't know."

Defendant offered the evidence of its editor as its witness. He testified that in the next issue of the paper, after the publication involved, he published a retraction and apology, and that it was not done at plaintiff's request. On cross-examination, he testified without objection that he never made a personal apology to plaintiff for defendant and that no one representing the defendant had written plaintiff a letter or apologized. He was then asked the following question: "Even though you knew that you had done this man a grievous wrong, you never went to him personally and begged his pardon, or begged his pardon for your corporation, or had your officers write a personal apology?" It was objected to as incompetent, irrelevant and immaterial, assuming, argumentative. The objection was overruled and the witness answered: "The suit had already been filed." He was then asked: "Even after the suit had been filed charging your company with a large amount of damages, you didn't figure you owed him a personal apology of any kind, either you or any of your officers; is that right?" That was objected to as incompetent, irrelevant and immaterial, improper cross-examination. The objection was overruled. The witness answered: "I— that is one reason that the correction item included an apology. As for, since the suit had already been filed, I hesitated to make such an attempt because I felt that anything I might say under those circumstances might very possibly be used against me." The witness was then asked if he had gotten out "an extra or anything with an apology in it." He answered: "No, I ran no extra." He was then asked: "And you had the facilities to so do; you had the facilities there in your plant to do that with, didn't you?" The objection that it was im-

material was made. The objection was overruled. The witness answered: "Yes, we can put out another paper under certain conditions."

The above is the admitted evidence which defendant claims was prejudicial.

The first question beginning with the clause, "Even though you knew that you had done this man a grievous wrong," was improper, and requiring the witness to answer was prejudicial error requiring a reversal.

It is the rule: " 'Questions propounded to a witness must not assume the existence of a fact not proven in the cause.' " Hans v. American Transfer Co., 90 Neb. 834, 134 N. W. 943. See, also, 58 Am. Jur., Witnesses, § 566, p. 316; Annotation, 100 A. L. R. 1067; 70 C. J., Witnesses, § 705, p. 546; 3 Wigmore on Evidence (3d ed.), § 771, p. 128.

The question here goes far beyond the prohibition of that rule. Here the extent of the wrong done to the plaintiff by the libel was an issue being tried. The witness, being examined, spoke for and represented the defendant. The question assumed knowledge by the defendant of the truth of an ultimate fact which the jury had to determine. The requirement that the witness answer the question carried inferentially the approval of the court of the truth of the assumption. No matter how the witness answered the question there would be implicit in his answer an admission that the defendant had done the plaintiff a grievous wrong.

A reversal being required, we determine other questions of evidence presented.

The question beginning, "Even after the suit had been filed," is also objectionable. It implies a duty on the part of the defendant to make personal apology after suit is commenced. If the witness answered in the affirmative, then it could well be argued to the jury that he had not done that which he knew he should have done. It would encourage a jury to consider the allowance of damages, not for what the defendant did, but for what it

failed to do after the libel had been made. If he answered in the negative, then it could be argued that malice was shown because the defendant did not do everything after the libel that the plaintiff deemed it should have done. Plaintiff's recovery must be determined by the damages which proximately flow from the acts done by the defendant. Dennison v. Daily News Publishing Co., 82 Neb. 675, 118 N. W. 568, 23 L. R. A. N. S. 362. The above rule applies also to defendant's objections to the evidence as to ability and failure to publish an extra edition of its paper making an apology.

Defendant next assigns error in the rejection of evidence. On direct examination of its editor it asked with reference to the plaintiff: "Did you or your paper bear him any malice or ill will?" The trial court sustained an objection that malice was not an issue. Defendant offered to prove that the witness would answer that at no time did he or his paper bear any malice or ill will toward the plaintiff.

The rule is: "Malice in law will be presumed from the publication of an article libelous per se, and that presumption will become conclusive unless the truth of the libel is established. Such malice does not mean hatred or ill will, but the want of legal excuse for the publication." Sheibley v. Nelson, 84 Neb. 393, 121 N. W. 458. See, also, Iden v. Evans Model Laundry, 121 Neb. 184, 236 N. W. 444.

The trial court did not err in its ruling.

It is not necessary to determine defendant's assignment that the judgment is excessive, nor plaintiff's cross-appeal that the trial court erred in requiring the remittitur.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.